1  Natu J. Patel, SBN 188618
2  Jason Chuan, SBN 261868
   Carla A. Federis, SBN 266611
3  **THE PATEL LAW FIRM, P.C.**
   2532 Dupont Drive
4  Irvine, California 92612-1524
5  Phone:      949.955.1077
   Facsimile:  949.955.1877
6  NPatel@thePatelLawFirm.com
7  JChuan@thePatelLawFirm.com
8  Attorneys for Plaintiff,
9  Starbuzz Tobacco, Inc.,
   a California corporation
10

FILED

2013 MAR -8  PM 2:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY___

11             **UNITED STATES DISTRICT COURT**
12             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  STARBUZZ TOBACCO, INC., a | )  Case No.: |
| 14  California corporation, | ) |
|  | )      **SACV 13 - 00411 CJC (ANx)** |
| 15          Plaintiff, | )  **COMPLAINT FOR:** |
| 16 | ) |
| 17      vs. | )  **1. DECLARATORY** |
|  | )      **JUDGMENT FOR NON-** |
| 18 | )      **INFRINGEMENT OF** |
| 19  LORILLARD, INC., a Delaware | )      **TRADEMARKS; AND** |
|     corporation, and LORILLARD | ) |
| 20  TECHNOLOGIES, INC., a North | )  **2. DECLARATORY** |
| 21  Carolina corporation, | )      **JUDGMENT FOR NON-** |
|  | )      **DILUTION OF** |
| 22          Defendants. | )      **TRADEMARKS** |
| 23 | ) |
|  | )  **DEMAND FOR JURY TRIAL** |
| 24 | ) |
| 25 | ) |
| 26 | ) |
| 27 | ) |
| 28 | |

Plaintiff, Starbuzz Tobacco, Inc. complains and alleges as follows:

**PARTIES**

1.      Plaintiff, Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business in the City of Stanton, California.

2.      Defendant, Lorillard, Inc. ("Lorillard"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of Delaware, with its principal place of business in Greensboro, North Carolina.

3.      Defendant, Lorillard Technologies, Inc. ("Lorillard Tech"), is now, a corporation organized under the laws of the State of North Carolina, with its principal place of business in Greensboro, North Carolina.  Starbuzz is further informed and believes, and on that basis alleges, that Lorillard Tech is a subsidiary or affiliate of Lorillard.

4.      Lorillard and Lorillard Tech are collectively referred to as "Defendants."

5.      Starbuzz is informed and believes, and on that basis alleges, that Defendants are responsible for each of their acts and for their conduct, which are the true legal causes for the relief herein alleged.

**JURISDICTION AND VENUE**

6.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. 2201(a), in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. §1051 *et seq*. and seeks declaratory relief from this Court to clarify the rights of the parties.

7.     The Court has personal jurisdiction over Defendants because they have systematically and continuously engaged in substantial business activities in and directed to California, and have sent a cease and desist letter to Starbuzz, which is located in California.  Defendants therefore knew or should have known that their activities were directed towards California, and the effect of those activities would be felt in California.

8.     Additionally, the Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.  This Complaint arises out of those commercial activities.

9.     Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district,

and that Defendants are corporations subject to personal jurisdiction within this district.

## AGENCY

10. At all times herein mentioned, each defendant was the agent, servant, joint venturer, partner, or employee of the other defendant, successor corporation, successor in interest, or entities and, in doing the things herein alleged, is acting within the purpose and scope of said agency or employment at the time of the incident. Each defendant was acting within the scope and course of that agency and employment and with the knowledge and implied and/or express consent and permission of the other defendant.

## INTRODUCTION

11. This case consists of straightforward claims seeking a declaration that Starbuzz's use of the mark "BLUE MIST" for electronic cigarettes does not infringe upon Defendants' trademark rights, and does not dilute Defendants' trademarks.

12. Defendants have accused Starbuzz of trademark infringement and dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

13. Defendants further demanded that Starbuzz cease and desist from using its BLUE MIST mark for electronic cigarettes, abandon the application to

register its BLUE MIST mark for electronic cigarettes, and enter into settlement with Defendants regarding the matter.

14.     By this Complaint, Starbuzz seeks declaratory judgment that Starbuzz's BLUE MIST mark has priority over Defendants' BLU marks, and that there is no likelihood of confusion between Starbuzz's mark and Defendants' marks when used in connection with electronic cigarettes.

15.     Starbuzz further seeks declaratory judgment that Starbuzz's use of the BLUE MIST mark does not dilute Defendants' marks.

## FACTS

### Starbuzz's Ownership the BLUE MIST mark

16.     Starbuzz is recognized worldwide as a manufacturer and supplier of premium hookah tobacco and other related products.  As such, Starbuzz has obtained over 90 federally registered trademarks in the United States and has sought to obtain worldwide intellectual property protection in more than 33 countries.

17.     Starbuzz is the owner of the federally registered trademark BLUE MIST (Reg. No. 3,619,407) for "Pipe Tobacco; Molasses Tobacco; Tobacco; Smoking Tobacco; Flavored Tobacco; and Herbal Molasses," in International Class 034 (the "BLUE MIST Mark").  A true and correct copy of the registration certificate is attached hereto as **Exhibit A**.

18. Starbuzz has been using the BLUE MIST Mark in commerce since December 1, 2006.

19. At all times relevant herein, Starbuzz has been, and still is, the owner of the exclusive rights, title, and interest in the BLUE MIST Mark for tobacco and related products.

**Starbuzz's Continuous Use of the BLUE MIST Mark**

20. Starbuzz manufactures, distributes, imports, and sells tobacco and related products throughout the United States and internationally. Starbuzz prides itself on its reputation for high-quality tobacco and related products. Starbuzz's continued goal is to develop new and popular tobacco and related products while preserving the quality of its products and brand identity.

21. Starbuzz sells its tobacco and related products to thousands of customers and clients, including boutique stores, wholesalers, and suppliers. Starbuzz has used, created and marketed the BLUE MIST Mark continuously over the years. The BLUE MIST Mark has brought Starbuzz enormous success, and Starbuzz is now known for its high quality products.

22. Starbuzz uses the BLUE MIST Mark on advertising brochures, advertising leaflets, on the Internet, and on the packaging of its tobacco and related products.

23.    Starbuzz's intellectual property and brand identity have substantial image recognition.

24.    The BLUE MIST Mark is important as it serves as an easily-recognizable identifiers of the high quality goods that Starbuzz offers.  There is a particularly close association among consumers between Starbuzz, the BLUE MIST Mark, and the quality of the tobacco and related products offered under the BLUE MIST Mark.  For consumers, customers, vendors, and clients, the BLUE MIST Mark is associated with original, flavorful, and smooth tobacco and related products, which are of the highest quality at an affordable price.

25.    Starbuzz's rights to the BLUE MIST Mark are not limited to tobacco products, but extend to related products within the same industry and market, or within the natural zone of expansion.

26.    Starbuzz, therefore, expanded its use of the BLUE MIST Mark to related products, including electronic cigarettes.

27.    On December 28, 2012, Starbuzz applied to register "BLUE MIST" for electronic cigarettes (Serial No. 85/812,403) on the USPTO's Principal Register (the "Application").  Starbuzz claimed its prior registration of the BLUE MIST Mark in the Application.  A true and correct copy of the Application is attached hereto as **Exhibit B**.

**Lorillard Tech's Ownership of the BLU Marks**

28.     Starbuzz is informed and believes, and on that basis alleges, that in or about April 2012, Lorillard acquired all of the assets of Blec, LLC ("Blec"). This included certain marks owned by Blec.

29.     Starbuzz is informed and believes, and on that basis alleges, that on March 17, 2009, Blec , applied to register the mark "BLU ECIGS" for "Cigarettes containing tobacco substitutes not for medical purposes; Electronic cigarettes for use as an alternative to traditional cigarettes; Smokeless cigarette vaporizer pipe; and Tobacco substitutes," in International Class 034.

30.     Blec claimed that "BLU ECIGS" has been in use in commerce since May 1, 2009.

31.     On June 8, 2009, the USPTO refused registration of "BLU ECIGS" on the grounds that it was likely to be confused with a prior pending application for "BLUEMOON" for "Cigarettes containing tobacco substitutes not for medical purposes; Pipe tobacco; Smokeless tobacco; Tobacco filters; Tobacco pipes; Tobacco substitute; Tobacco substitutes; Tobacco substitutes not for medical purposes; Tobacco, cigars and cigarettes" in Class 034.

32.     In response, on December 3, 2009, Blec argued to the USPTO that there was no likelihood of confusion because purchasers of electronic cigarettes were sophisticated, and "a quick search of the Trademark database reveals 85 live

and dead marks under class 034 which include "BLUE" within the mark.  Looking even closer, there are currently 35 marks currently registered under international class 034 which contain "BLUE" within the mark.  Attached to this response are copies from the Trademark Office of registrations under class 034 for "RICH BLUE," "WIND BLUE," "BLUE LAGOON CIGARETTES," "BLUE MIST," "MENTHOL BLUE," "BLUE NOTE," and "BLUE SMOKE CIGAR.""

33.    On September 7, 2010, the "BLU ECIGS" mark was registered on the USPTO Principal Register (Registration No. 3,846,035).  A true and correct copy of the trademark registration is attached hereto as **Exhibit C**.

34.    In 2010, Blec also filed applications to register the following trademarks for electronic cigarettes and related products in International Class 034:

| Trademark | Application No. | Register | First Use At Least As Early As | Exhibit |
|---|---|---|---|---|
| BLU | 85/131,287 | Principal | May 1, 2009 | **D** |
| BLU (design mark) | 85/131,965 | Principal | May 1, 2009 | **E** |
| BLU CIGS | 85/092,665 | Principal | May 1, 2009 | **F** |

35.    The BLU CIGS (Serial No. 85/092,665), BLU (design mark) (Serial No. 85/092,665) and BLU (85/131,287) marks were initially denied registration based upon a likelihood of confusion with various trademarks with BLU for goods in Class 034.

36.     In responding to the initial refusals to register, Blec again represented that the consumers of electronic cigarettes were sophisticated, and there were numerous third party users of the term "BLUE" in Class 034.

37.     The BLU ECIGS, BLU, BLU, and BLU CIGS are collectively referred to as the "BLU Marks."

38.     Starbuzz is informed and believes, and on that basis alleges, that Blec was using the BLU Marks with respect to its BLU brand of electronic cigarettes.

39.     On or about May 29, 2012,  in conjunction with the sale of its assets to Lorillard, Blec assigned its entire right, title and interest in and to the BLU Marks to Lorillard Tech.

**Starbuzz's Priority to the BLUE MIST Mark**

40.     Starbuzz is informed and believes, and on that basis alleges, that the date of first use of the BLUE MIST Mark in commerce predates the date of first use of the BLU Marks in commerce.  Therefore, Starbuzz's rights to use BLUE MIST on tobacco and related products have priority over any rights claimed by Defendants in their BLU Marks.

**Meaning of the BLU Marks and Third Party Use**

41.     The BLU Marks contain the term "BLU", which refers to the color blue and describes the blue LED light feature in Defendants' electronic cigarette products.

42.     The term "BLU" is weak because (a) it is descriptive of a feature of Defendants' electronic cigarette products; and (b) there are numerous third party users of the term "BLU" or "BLUE" for tobacco products.

43.     Starbuzz is informed and believes, and on that basis alleges, that there are approximately thirty-nine (39) live registered marks containing the terms "BLU" or "BLUE" in Class 034, in addition to approximately twenty-three (23) live applications to register marks with "BLU" or "BLUE" in Class 034.

44.     Since the terms "BLU" or "BLUE" are weak due to descriptiveness and extensive third party use for similar goods, Defendants do not have exclusive rights to those terms for electronic cigarettes.

**No Likelihood of Confusion between BLUE MIST and the BLU Marks**

45.     The only similarity between BLUE MIST and the BLU Marks is the weak and descriptive term "BLU".

46.     The addition of the term "MIST" in Starbuzz's mark changes the appearance, pronunciation, and meaning of the mark such that likelihood of confusion is avoided.

47.     There is also no similarity between BLUE MIST and the BLU Marks as used in the marketplace.

48.     The label for the products bearing the BLUE MIST mark is completely different from the label of the products bearing the BLU Marks.  True

and correct copies of pictures of Starbuzz's and Defendants' products are attached hereto as **Exhibit G**.

49.    The fonts, colors, background, arrangement, and pictures associated with the "BLUE MIST" mark bears no similarity to the font, colors, background, arrangement and picturing of labels associated with the BLU Marks.  Additionally, "BLUE MIST" is accompanied by the Starbuzz's name and logo, thereby avoiding any likelihood of confusion.

50.    Because no likelihood of confusion exists between "BLUE MIST" and the BLU Marks, Starbuzz has not infringed upon the BLU Marks.

**No Dilution of the BLU Marks**

51.    Starbuzz is informed and believes, and on that basis alleges, that the BLU Marks are not widely recognized by the general consuming public.

52.    Starbuzz is further informed and believes, and on that basis alleges, that Starbuzz's use of "BLUE MIST" does not weaken the BLU Marks since the term "BLU" is already weak due to descriptiveness and substantial third party use.

53.    Starbuzz is also informed and believes, and on that basis alleges, that there is no tarnishment of the BLU Marks because Starbuzz is not using "BLUE MIST" inappropriately or in an unflattering manner.  Starbuzz is using "BLUE MIST" on tobacco and other related products, including electronic cigarettes.

54.    Therefore, there is no trademark dilution based upon Starbuzz's use of the "BLUE MIST" mark on its products.

**Defendants' Wrongful Demands**

55.    On or about February 4, 2013, Starbuzz received a letter from Defendants, claiming ownership of the BLU Marks and demanding that Starbuzz cease and desist from all use of "BLUE MIST", file an express abandonment of the Application, and enter into a settlement agreement with Defendants to resolve the matter.  A true and correct cope of Defendants' letter is attached hereto as **Exhibit H**.

56.    In the February 4th letter, Defendants accused Starbuzz of trademark infringement and dilution of their BLU Marks.  In particular, Defendants stated that "Starbuzz's use of the Infringing Mark in connection with the marketing and sale of electronic cigarettes is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Starbuzz and Lorillard, and/or is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the goods or services purveyed by Starbuzz, and Lorillard's goods, services, and commercial activities."

57.    Defendants further stated that "Lorillard makes these demands without prejudice to any other remedies available to it under the law, including its

rights to actual damages, statutory damages, treble damages, Starbuzz's wrongfully-derived profits and attorneys' fees."

58.     On February 15, 2013, Starbuzz responded to Defendants' letter by claiming that there is no likelihood of confusion between the parties' respective marks.

59.     In response, on March 1, 2013, Defendants rejected Starbuzz's arguments and once again demanded that Starbuzz cease and desist from all use of "BLUE MIST", file an express abandonment of the Application, and enter into a settlement agreement with Defendants to resolve the matter.

60.     Through the February 4th and March 1st letters, Defendants have placed Starbuzz in reasonable apprehension that they will sue Starbuzz if the parties' rights are not clarified since Defendants:

(a) Articulated their position that Starbuzz is infringing and diluting their rights to the BLU Marks;

(b) Specifically described the steps Defendants have taken against other parties, including successful litigation of infringement claims in a specific forum of their choice, thereby obtaining equitable relief and damages; and

(c) Indicated their intent to pursue other remedies under the law.

61.     Based upon the cease and desist letters, and since Starbuzz is making bona fide use of the "BLUE MIST" mark in connection with its tobacco and

electronic cigarette products, there is an actual controversy as to whether Plaintiff's use of the "BLUE MIST" mark infringes upon and dilutes Defendants' BLU Marks.

62.    By this Complaint, Starbuzz seeks declaratory relief from this Court to clarify its rights to the "BLUE MIST" mark and Defendants' rights in the BLU Marks.

63.    By this Complaint, Starbuzz also seeks declaratory relief from this Court that Starbuzz's use of the "BLUE MIST" mark in connection with electronic cigarettes does not infringe upon and dilute Defendants' BLU Marks.

64.    Starbuzz's Application for BLUE MIST for electronic cigarettes has not yet been approved for publication by the USPTO.  In the event that the Application is published for opposition and Defendants file an opposition with the Trademark Trial and Appeal Beard, Starbuzz further seeks an order from this Court allowing Starbuzz leave to amend this pleading in order to have this Court direct the USPTO to dismiss that opposition and register the BLUE MIST mark for electronic cigarettes on the USPTO principal register.

### FIRST CLAIM FOR RELIEF
**[Declaratory Judgment for Non-Infringement of Trademarks]**
**(Against All Defendants)**

65.    Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 64, inclusive, of this Complaint as if fully set forth herein.

66.     Based upon Defendant's use of the BLU Marks and Starbuzz's use of BLUE MIST for electronic cigarettes, an actual controversy has arisen and now exists between Starbuzz and Defendants concerning their respective trademark rights. This controversy is of sufficient immediacy to warrant a declaratory judgment.

67.     Specifically, Defendants have accused Starbuzz that its use of BLUE MIST on electronic cigarettes infringes upon Defendants' rights to its BLU Marks.

68.     Starbuzz asserts that there is no likelihood of confusion between "BLUE MIST" and the BLU Marks, based on the fact that: (a) Starbuzz's use of the BLUE MIST Mark for tobacco and related products have priority over Defendant's use of the BLU Marks; (b) Defendant's BLU Marks are weak and merely descriptive; and (c) there is no similarity in appearance, pronunciation and meaning between the marks.

69.     A judicial determination is essential at this time with respect to the parties' rights to their marks.

70.     Starbuzz therefore seeks a declaration from this Court that its use of "BLUE MIST" on electronic cigarettes does not infringe upon the BLU Marks because consumers are not likely to be confused as to the source of Starbuzz's goods and Defendants' goods.

### SECOND CLAIM FOR RELIEF
### [Declaratory Judgment for Non-Dilution of Trademarks]
### (Against All Defendants)

71.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 70, inclusive, of this Complaint as if fully set forth herein.

72.     Based upon Defendants' cease and desist letters against Starbuzz, an actual controversy has arise and now exists between Starbuzz and Defendants regarding Starbuzz's use of BLUE MIST for electronic cigarettes.  The controversy is of sufficient immediacy to warrant a declaratory judgment.

73.     Specifically, Defendants have alleged that Starbuzz's use of BLUE MIST has diluted Defendants' BLU Marks.

74.     Starbuzz asserts that there is no dilution, based on the fact that:  (1) the BLU Marks are not famous marks; (2)  there is no likelihood of confusion between "BLUE MIST" and Defendants' BLU Marks; and (3)  Starbuzz has not weakened or tarnished the BLU Marks.

75.     A judicial determination is essential at this time with respect to the parties' rights to their marks.

76.     Starbuzz therefore seeks a declaration from this Court that its use of BLUE MIST has not diluted Defendants' BLU Marks because the BLU Marks are not famous, consumers are not likely to be confused as to the source of Starbuzz's

goods and Defendants' goods, and there was no weakening or tarnishment of the BLU Marks through Starbuzz's use of "BLUE MIST" on its products.

## **PRAYER FOR RELIEF**

WHEREFORE, Starbuzz respectfully prays for judgment against Defendants as follows:

1. An order declaring that Starbuzz has priority to its BLUE MIST Mark for tobacco and related products over Defendants' BLU Marks for electronic cigarettes;

2. An order declaring that Starbuzz's "BLUE MIST" mark is not confusingly similar to Defendants' BLU Marks;

3. An order declaring that Starbuzz's use of "BLUE MIST" mark on electronic cigarettes does not infringe upon Defendants' BLU Marks;

4. An order declaring that Starbuzz's use of the "BLUE MIST" mark on electronic cigarettes does not dilute Defendants' BLU Marks;

5. In the event that Defendants file an Opposition proceeding with the USPTO against the Application, an order declaring that the USPTO dismiss the Opposition proceeding and approve the Application to register BLUE MIST (Serial No. 85/812,403) with respect to electronic cigarettes;

6. An order for an award of attorneys' fees and costs of this action, in an amount to be determined at trial, pursuant to applicable federal law;

7.    Such additional and further relief as may follow from the entry of a declaratory judgment; and

8.    Any other and further relief as the Court deems appropriate, proper and just.

DATED: March 8, 2013

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

Natu J. Patel,
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.

1

## DEMAND FOR TRIAL BY JURY

2

Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all

3

4

issues raised in the Complaint.

5

6

DATED:  March 8, 2013

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

7

8

9

Natu J. Patel,

10

Attorneys for Plaintiff

11

Starbuzz Tobacco, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV13- 411 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Natu J. Patel (SBN 188618)
THE PATEL LAW FIRM, P.C.
2532 Dupont Drive, Irvine, California  92612
Tel.: (949) 955-1077 Fax: (949) 955-1877
NPatel@thePatelLawFirm.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation,<br><br>PLAINTIFF(S)<br>v.<br>LORILLARD, INC., a Delaware corporation, and LORILLARD TECHNOLOGIES, INC., a North Carolina corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 13 - 00411 CJC (ANx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Natu J. Patel_____, whose address is _The Patel Law Firm, P.C., 2532 Dupont Drive, Irvine, California 92612_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _3|8|13_____

By: ____~~DENISE VO~~_____
          Deputy Clerk

          (Seal of the Court)
          1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Natu J. Patel (SBN 188618)
THE PATEL LAW FIRM, P.C.
2532 Dupont Drive, Irvine, California 92612
Tel.: (949) 955-1077 Fax: (949) 955-1877
NPatel@thePatelLawFirm.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation, | **CASE NUMBER** |
| PLAINTIFF(S) | **SACV 13 - 00411 CJC (ANx)** |
| v. | |
| LORILLARD, INC., a Delaware corporation, and LORILLARD TECHNOLOGIES, INC., a North Carolina corporation, | |
| DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Natu J. Patel _____, whose address is The Patel Law Firm, P.C., 2532 Dupont Drive, Irvine, California 92612 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 3/8/13

By: **DENISE VO**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STARBUZZ TOBACCO, INC., a California corporation,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LORILLARD, INC., a Delaware corporation, and LORILLARD TECHNOLOGIES, INC., a North Carolina corporation,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Natu J. Patel (SBN 188618)
THE PATEL LAW FIRM, P.C.
2532 Dupont Drive, Irvine, CA 92612
Telephone: (949) 955-1077  Facsimile: (949) 955-1877

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at tria

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** SACV 13 - 00411 CJC (ANx)

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| STARBUZZ TOBACCO, INC. - Orange County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | LORILLARD, INC. - Delaware<br>LORILLARD TECHNOLOGIES, INC. - North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| For all claims - Orange County, California | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: 3/8/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |